UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DEARICE CATES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 3:13-cv-638 |
| ) | *Judge Collier* |
| ) | |
| DAVID SEXTON, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which petitioner challenges his convictions for especially aggravated kidnapping (two counts), aggravated robbery, attempted aggravated robbery, assault, and aggravated burglary. For the following reasons, the Court finds the petition is barred by the one-year statute of limitation. Accordingly, the petition for the writ of habeas corpus will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

Petitioner was convicted by a jury in the Criminal Court for Knox County, Tennessee, of three counts of especially aggravated kidnapping and one count each of aggravated robbery, attempted aggravated robbery, assault, and aggravated burglary. After the jury verdict, the trial court granted petitioner's motion for judgment of acquittal as to the three especially aggravated kidnapping convictions. On direct appeal, the Tennessee Court of

Criminal Appeals reinstated two of those convictions and affirmed the remaining convictions. *State v. Cates*, No. E2006-02553-CCA-R3-CD, 2008 WL 220264 (Tenn. Crim. App. Jan. 28, 2008), *perm. app. denied, id.* (Tenn. Sept. 22, 2008).

Petitioner next filed a petition for post-conviction relief, which was denied after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Cates v. State*, No. E2010-00812-CCA-R3-PC, 2011 WL 1047078 (Tenn. Crim. App. March 23, 2011). He filed the pending habeas corpus petition on October 18, 2013.[1]

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. § 2244(d)(2).

Petitioner's conviction became final on December 20, 2008, which was 90 days after the Tennessee Supreme Court denied his application for permission to appeal on direct appeal. *Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the 90 days within which petitioner could have filed a petition for writ of

---

[1] The petition was received by the Clerk's Office on October 21, 2013. However, the envelope bears a stamp showing it was received by the post office on October 18, 2013. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

certiorari with the U.S. Supreme Court on direct appeal). The statute of limitation commenced running at that time.

Petitioner's state post-conviction petition tolled the running of the statute of limitation, but only while it was pending. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation). According to the opinion of the Tennessee Court of Criminal Appeals, the petition for post-conviction relief was filed August 26, 2009. *Cates v. State*, 2011 WL 1047078 at *1. By that time, 249 days of the one-year statute of limitations had elapsed, leaving 116 days for filing a federal habeas corpus petition.

The Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief on March 23, 2011. Petitioner had 60 days within which to file an application for permission to appeal to the Tennessee Supreme Court, Tenn. R. App. P. 11(b), but did not do so. Accordingly, the statute of limitation resumed running on May 22, 2011. As noted, petitioner had 116 days remaining, or until September 15, 2011, to seek federal habeas corpus relief. Petitioner's habeas corpus petition was not filed until October 18, 2013, and thus was not timely.

Petitioner concedes his habeas petition is not timely but contends he is entitled to equitable tolling. The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled

3

to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling; also noting that *Holland*'s two-part test replaced the five-factor inquiry the Sixth Circuit had previously set forth in *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001)).

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'") (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)).

Petitioner alleges he is entitled to equitable tolling of the statute of limitation because he was abandoned by his appointed post-conviction attorney, J. Liddell Kirk, when Mr. Kirk appealed only the issues he thought important and not all the issues in the original *pro se* petition. He also complains that Mr. Liddell failed to seek permission to appeal the post-conviction decision to the Tennessee Supreme Court. Finally, petitioner claims he was not

4

informed by counsel of the one-year statute of limitation for filing a petition for the writ of habeas corpus.

The fact that petitioner was allegedly unaware of the time limitation for filing his habeas petition will not afford him relief. "It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Harrison v. I.M.S.*, 56 F. App'x 682, 685, 2003 WL 173669 *4 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Cason*, 49 F. App'x 495, 497, 2002 WL 31164208 *2 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition.").

With respect to counsel's failure to seek permission to appeal to the Tennessee Supreme Court, petitioner alleges that created a hurdle to federal review because all claims for relief must have been presented to the state's highest court. Petitioner is incorrect in that regard. Rule 39 of the Rules of the Tennessee Supreme Court, which took effect June 28, 2001, provides that it is not necessary to seek permission to appeal to the Tennessee Supreme Court in order to exhaust available state remedies for purposes of federal habeas review.

That counsel only raised certain issues on appeal to the Tennessee Court of Criminal Appeals from the denial of post-conviction relief and did not seek permission to appeal to the Tennessee Supreme Court does not entitle petitioner to equitable tolling. Petitioner makes the self-serving remark that he has been pursuing his rights diligently, but he does not

5

explain why he waited more than two years after the decision of the Tennessee Court of Criminal Appeals in post-conviction proceedings to file his habeas petition.

To the extent petitioner may be claiming that his attorney failed to inform him of the appellate court's decision, that does not afford him relief. *See Winkfield v. Bagley*, 66 F. App'x 578, 583-584 (6th Cir. May 28, 2003) (reliance on counsel does not toll the statute of limitations where the petitioner "has 'failed in his duty to monitor the status of his appeal'") (quoting *Brown v. United States*, 20 F. App'x 373, 375, 2001 WL 1136000 *3 (6th Cir. September 21, 2001)).

Based upon the foregoing, petitioner is not entitled to equitable tolling of the one-year statute of limitation and his habeas petition is time-barred. Accordingly, the petition for habeas corpus relief will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**